UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

GUNTER ZIELKE et al.,

     Plaintiffs,

v.

FEDERAL HOMEOWNERS RELIEF
FOUNDATION et al.,

     Defendants.

Case No. 2:24-cv-03478-SB-E

ORDER TO SHOW CAUSE

On April 26, 2024, Defendants Kenneth Martin Adler and Federal Homeowners Relief Foundation (FHRF) filed a notice of removal of Los Angeles Superior Court case BC628570.  Dkt. No. 1.  Because the removal appears procedurally and substantively deficient, the Court issues this order to show cause.

Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  This Court has a duty to assess whether federal subject matter jurisdiction exists and may consider the issue sua sponte at any stage of the proceedings.  *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case").

A federal district court has original jurisdiction over a civil action when (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332(a).  Complete diversity means that each of the plaintiffs must be a

citizen of a different state than each of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

This is now the third time this case has been removed.  *See Zielke v. Rosenstiel*, No. 2:18-cv-3247-R, Dkt. No. 1 (Apr. 18, 2018) (notice of removal of case BC628570); *Zielke v. Rosenstiel*, No. 2:19-cv-702-PSG, Dkt. No. 1 (Jan. 30, 2019) (notice of removal of case BC628570).  The last time the case was remanded, the court imposed an award of attorneys' fees and costs against the removing defendants, warning that "if they continue to make baseless arguments before this Court (in a third notice of removal or otherwise), the Court will consider further sanctions against them and their counsel."  2019 WL 626139 at *2.

This time, Adler and FHRF allege that removal is proper under 28 U.S.C. § 1332(a) (diversity jurisdiction) because they are both California citizens and Plaintiffs are Texas citizens.  Dkt. No. 1 ¶ 1, 5–6.  Thus, the removal appears improper under the forum-defendant rule, which states that cases may not be removed on the basis of diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).

Adler and FHRF also allege in passing that removal is proper under 28 U.S.C. § 1331 (federal question jurisdiction), because the Third Amended Complaint "also presents federal questions."  Dkt. No. 1 ¶ 13.  But the notice of removal does not identify those questions and does not attach the Third Amended Complaint.  These failures are particularly troubling in light of the prior remand order that, for the second time, rejected defendants' assertion of federal question jurisdiction—and warned the removing parties about sanctions if they persisted in filing meritless removal papers.  2019 WL 626139 at *1.

These are not the only problems with the removal papers that raise serious concerns.  Apart from its substance, the notice of removal is procedurally defective.  It fails to attach "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action," as required by 28 U.S.C. § 1446(a).  The same subsection reminds removing defendants that a notice of removal must be signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, which authorizes sanctions for baseless filings.  28 U.S.C. § 1446(a); Fed. R. Civ. P. 11(c).  Moreover, the notice of removal discloses sensitive personally identifiable information (PII) of the plaintiffs, including their dates of birth, addresses, and scanned images of their passports in violation of the Federal

Rules of Civil Procedure and the Local Rules.  Fed. R. Civ. P. 5.2 (filings may not include full dates of birth); L.R. 5.2-1 (requiring filers to redact passport numbers and home addresses and warning that failure to comply may subject counsel to disciplinary action).

In sum, Defendants' notice of removal appears procedurally and substantively defective and raises serious questions about the propriety of defense counsel's conduct.  Because the notice of removal contains PII, the Court will seal the filing.  Defendants are ORDERED to show cause, in writing, by no later than May 10, 2024, why the case should not be remanded for lack of subject matter jurisdiction, why attorneys' fees and costs should not be awarded under 28 U.S.C. § 1447(c), and why defense counsel should not be sanctioned under Rule 11 or the Local Rules.  The Court sets the OSC for hearing on May 17, 2024, at 8:30 a.m. in Courtroom 1A.  *Failure to timely comply or to appear at the hearing will result in remand and imposition of sanctions.*

Date: May 1, 2024

_____
Stanley Blumenfeld, Jr.
United States District Judge